## F. H. PEAVEY & CO. v. UNITED STATES.
### No. J–19.

Court of Claims.
Jan. 18, 1932.

518

Wm. J. Hogan, Jr., of Washington, D. C. (Simon Michelet, of Washington, D. C., on the brief), for plaintiff.

R. C. Williamson, of Washington, D. C., and Chas. B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff, a Minnesota corporation, sues to recover the sum of $29,112.87, corporation income tax, alleged to have been erroneously collected from the plaintiff for the calendar year 1922, together with interest thereon.

During the year 1922 the plaintiff owned 51 per cent. of the outstanding capital stock of the British America Elevator Company, Ltd., a corporation organized under the laws of the Dominion of Canada, which corporation in turn owned the entire 100 per cent. capital stock of the Port Arthur Elevator Company, Ltd., also a Canadian corporation.

During the year 1922 the plaintiff received cash dividends from the British America Elevator Company, Ltd., $159,375 on June 15, 1922, and $212,500 on September 18, 1922. These dividends converted into American exchange amounted to $370,148.44. The dividends were paid out of undivided profits of the British America Elevator Company, Ltd., as follows:

For the fiscal year ended July 15, 1921, $673,844.42, of which sum $530,000 was received as dividends from the Port Arthur

Elevator Company, Ltd.; and for the year ended June 30, 1922, $608,147.67, of which amount $425,000 was received as a dividend from the Port Arthur Elevator Company, Ltd.

The dividends received by the British America Elevator Company, Ltd., from the Port Arthur Elevator Company, Ltd., were not subject to Canadian income tax to the British America Company. The American exchange value of the undivided profits of the British America Elevator Company, Ltd., from the Port Arthur Elevator Company, tiff, in 1922, was $1,276,038.82.

The British America Elevator Company, Ltd., paid income taxes to Canada for the fiscal years ending July 15, 1921, and July 15, 1922, respectively, the sums of $14,678.80 and $21,054.84, reduced when converted to American exchange to the sum of $35,567.47. The amount of income taxes paid to Canada by the British America Elevator Company, Ltd., on undivided profits from which dividends were paid plaintiff in the year 1922, was $10,317.41. The Commissioner of Internal Revenue credited the plaintiff with this amount on its 1922 taxes.

The plaintiff in this suit contends it is entitled to an additional credit of $29,112.87. It is urged: (1) That the plaintiff is entitled to credit as against its tax liability to the United States for the year 1922 for taxes paid to the Dominion of Canada by the Port Arthur Elevator Company, Ltd., whose entire stock was owned by the British America Elevator Company, Ltd., and (2) that plaintiff is entitled to credit for taxes paid to Canada by the British America Elevator Company, Ltd., for its fiscal year July 1, 1922, to June 30, 1922.

If it be held the plaintiff is right as to its first contention, it is entitled to recover its entire claim, $29,112.87. If it be held that plaintiff is right as to its second contention only, the plaintiff is entitled to recover the sum of $2,898.70. If it be held the plaintiff is not right as to either contention, it is not entitled to recover any sum.

█ Section 238 (a) of the Revenue Act of 1921 (42 Stat. 258) provides that the tax of a domestic corporation shall be credited with the amount of any income war profits, and excess profits taxes paid during the taxable year to any foreign country. Section 238 (e), provides: "For the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends (not deductible under section 234) in any

taxable year shall be deemed to have paid the same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country * * *, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits. * * * The term 'accumulated profits' when used in this subdivision in reference to a foreign corporation, means the amount of its gains, profits, or income in excess of the income, war-profits, and excess-profits taxes imposed upon or with respect to such profits or income; and the Commissioner * * * shall have full power to determine from the accumulated profits of what year or years such dividends were paid; treating dividends paid in the first sixty days of any year as having been paid from the accumulated profits of the preceding year or years (unless to his satisfaction shown otherwise), and in other respects treating dividends as having been paid from the most recently accumulated gains, profits, or earnings. * * * *"

Section 238 (a) of the 1921 act gives a domestic corporation a right to a credit for the taxes paid by it to a foreign government. Section 238 (e), however, indulges the presumption that a domestic corporation has paid that proportion of the taxes paid by a foreign corporation, in which it owns a majority of the voting stock, to any foreign government, which the dividends received by the domestic corporation bear to the accumulated profits of the foreign corporation, and allows the domestic corporation a credit therefor. The credit is entirely and directly dependent upon the ownership of a majority of the stock of the foreign corporation. The plaintiff owned no stock in the Port Arthur Elevator Company, Ltd., and received no dividends from that corporation. The British America Elevator Company, Ltd., and the Port Arthur Elevator Company, Ltd., are separate and distinct corporations, each bearing its own individual tax liability to the Dominion of Canada. Taxes paid by the Port Arthur Elevator Company to Canada cannot be held to have been taxes paid by a foreign corporation in respect to which the plaintiff is entitled, under section 238 (e) of the 1921 Revenue Act, to credit on its tax liability to the United States.

█ Plaintiff contends, however, that section 240 (d) of the 1921 act (42 Stat. 260), which provides "that in any case of two or more related trades or businesses (whether

unincorporated or incorporated and whether organized in the United States or not) owned or controlled directly or indirectly by the same interests, the Commissioner may consolidate the accounts of such related trades and businesses, in any proper case, for the purpose of making an accurate distribution or apportionment of gains, profits, income, deductions, or capital between or among such related trades or businesses," is applicable to section 238 (e) and permits the consolidation of the accounts of the British America Elevator Company, Ltd., and the Port Arthur Elevator Company, Ltd., for the purpose of computing the amount of credit allowable to plaintiff.

Article 637 of Treasury Regulations 62, interpreting section 240 (d), provides: "This provision relates not to the payment of taxes, but to the determination of the true income of related trades or businesses, and thus indirectly to the amount of taxes which may be due under Title II and Title III of the statute."

The Bureau of Internal Revenue, following this regulation, has uniformly held that section 240 (d) does not authorize the consolidation of the accounts of related trades or businesses for the purpose of computing the amount of credit allowable under section 238 (e) for income tax paid to a foreign country. The bureau has likewise consistently held that taxes paid by a foreign subsidiary of a foreign subsidiary may not be claimed by a domestic corporation under this statute. The construction placed by the bureau on the statutes involved, and its long-continued and uniform practice in the computation of allowable credits thereunder, should not be disturbed unless plainly wrong. Universal Battery Co. v. United States, 281 U. S. 580, 50 S. Ct. 422, 74 L. Ed. 1051. We think the construction placed upon section 238 (e) and 240 (d) of the 1921 act by the Bureau of Internal Revenue is correct, and therefore hold the plaintiff is not entitled to have considered in the computation of the amount of credit allowable against its 1922 taxes, the taxes paid to Canada by the Port Arthur Elevator Company, Ltd.

The plaintiff's second contention is that, entirely apart from whether it is entitled to have the taxes paid by the Port Arthur Elevator Company, Ltd., consolidated with the taxes paid by the British America Elevator Company, Ltd. in computing plaintiff's allowable credit for the year 1922, it is entitled to an additional credit of $2,898.70, because of the payment of taxes amounting to $17,070.81 to Canada by the British America Elevator Company, Ltd., for its fiscal year July 1, 1922, to June 30, 1923.

The plaintiff kept its accounts and paid income taxes on a calendar-year basis. The British America Elevator Company, Ltd., kept its books, and paid income taxes on a fiscal-year basis, its fiscal year ending on June 30. The plaintiff received on September 18, 1922, a dividend of $212,500 from the British America Elevator Company, Ltd. The payment of the dividend was within the plaintiff's calendar year 1922, but was within the British America Elevator Company, Ltd.'s, fiscal year July 1, 1922, to June 30, 1923. The Commissioner of Internal Revenue in computing the credit plaintiff was entitled to have against its 1922 taxes included the dividend of $212,500, but did not take into consideration in his computation the $17,070.81 taxes paid by the British America Co., Ltd., or its accumulated profits for the fiscal year ending June 30, 1923.

The credit authorized by section 238 (e) is expressly limited to "taxes paid by such foreign corporation to any foreign country * * *, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid." The plaintiff's right to have the $17,070.81 taxes paid by the British America Elevator Company, Ltd., for its fiscal year ending June 30, 1923, included in the computation of its allowable credit for 1922 turns upon whether or not such taxes were paid upon accumulated profits from which the dividend of $212,500 was paid on September 18, 1922.

It is not shown in the record, and the court is not able to determine, whether the whole, or any part, of the taxes paid by the British America Elevator Company, Ltd., for its fiscal year July 1, 1922, to June 30, 1923, was paid on accumulated profits from which the $212,500 dividend was paid. Neither is it shown what part, if any, of the accumulated profits of the British America Elevator Company, Ltd., for its fiscal year July 1, 1922, to June 30, 1923, was earned during that period of the fiscal year beginning July 1, 1922, to September 18, 1922, the date on which the dividend was paid.

Section 238 (e) vests the commissioner, with the approval of the secretary, with "full power to determine from the accumulated profits of what year or years such dividends were paid; treating dividends paid in the first sixty days of any year as having been

paid from the accumulated profits of the preceding year or years (unless to his satisfaction shown otherwise), and in other respects treating dividends as having been paid from the most recently accumulated gains, profits, or earnings." The dividend in question was paid more than sixty days after July 1, 1922, the beginning of the British America Elevator Company's fiscal year; therefore it must be treated as having been paid out of the most recently accumulated profits earned prior to the date of payment. The Commissioner of Internal Revenue, in the absence of a showing that the dividend was paid out of the accumulated profits earned by the said company in that part of its fiscal year preceding the date of payment, properly held that such dividend was paid from accumulated profits earned in the previous year or years. The plaintiff has been given proper credit for the taxes paid by the British America Elevator Company, Ltd., with respect to its accumulated profits of the two fiscal years ending July 15, 1921, and June 30, 1922, from which plaintiff received the dividends in question. Its claim that it is entitled to a further credit of $2,898.70 is without merit.

The plaintiff is not entitled to recover, and the petition is therefore dismissed. It is so ordered.