## H. W. GOSSARD CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7533.

Circuit Court of Appeals, Seventh Circuit.

April 24, 1941.

Herbert A. Friedlich and Frederic Burnham, both of Chicago, Ill., for petitioner.

Samuel H. Levy, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen., for respondent.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This is a petition for the review of a decision of the Board of Tax Appeals approving the action of the respondent, who found that petitioner was liable for a deficiency income tax for the year 1935 resulting from the disallowance of a portion of a credit taken by petitioner.

Petitioner is a domestic corporation with its principal place of business in Chicago, Illinois. In 1935 it owned all of the issued stock of the Canadian H. W. Gossard Company, Ltd., a Canadian corporation, which corporation in turn owned all of the outstanding capital stock of the British H. W. Gossard Co., Ltd.[1]

January 15, 1935, British Gossard declared a dividend amounting to $828,876. Under the income tax laws then in effect in Great Britain, British Gossard deducted $186,497 from the dividend and paid that amount to Great Britain; accordingly, Canadian Gossard received $642,379.

Canadian Gossard filed an income tax return under the Dominion of Canada Income War Tax Act of 1917, in which it reported a debit of $186,497 as British taxes on dividend, and a credit of $828,876 as dividend from British Gossard. It did not, however, report the gross dividend of $828,876 as income and then deduct the tax paid by British Gossard to Great Britain.

In May, 1935, Canadian Gossard declared and paid to petitioner, its sole stockholder, a dividend of $1,270,000. In petitioner's income tax return for 1935 it reported the dividend received from Canadian Gossard and claimed a credit of $89,649.79 for income tax paid to a foreign country. The respondent allowed the credit to the extent of $10,905.70 but eliminated any amount representing Canadian income tax on account of the British tax of $186,497. The Board upheld respondent's determination, resting its decision on the ground that no part of the amount paid by British Gossard to Great Britain could be said to have been paid by Canadian Gossard.

The question we must decide is whether petitioner is entitled to a credit by reason of the income taxes paid to Great Britain by British Gossard.

Petitioner asserts that the total amount of the dividend declared by British Gossard was required by Canadian law to be included in Canadian Gossard's gross income and that Canadian Gossard was liable for the income taxes thereon. It then insists that the payment to the British Government of $186,497 should be treated as if the Canadian Gossard had received the declared dividend and had paid the Canadian income tax thereon. Petitioner then argues that the Canadian income tax law[2]

---

[1] Hereafter the Canadian H. W. Gossard Company, Ltd., shall be referred to as "Canadian Gossard" and the British H. W. Gossard Co., Ltd., as "British Gossard."

[2] Income War Tax Act, 1917 (Rev.Stat. of Canada, 1927, Vol. II, c97). Section 8 of the Act provides: "A taxpayer shall be entitled to deduct from the tax that would otherwise be payable by him under this Act, (a) the amount paid to Great Britain * * * for income tax in respect of the income of the taxpayer derived from sources therein. * * *"

provides for a credit against Canadian income tax equal to 13½% of the declared dividend and since the British income tax of 22½% on the amount of the dividend had in effect been paid by Canadian Gossard, it constitutes payment to a foreign country within the meaning of § 131(f) of the Revenue Act of 1934, 26 U.S.C.A. Int. Rev.Acts page 714.

Petitioner called as its witness a barrister and solicitor, specializing in income tax law and practicing his profession in Toronto, Canada. He testified that, under the Canadian income tax law, the total dividend of $828,876 declared by British Gossard was taxable income of Canadian Gossard and was required by the Canadian income tax law to be included in the income tax return of Canadian Gossard as a part of its gross income, notwithstanding the fact that the amount of the net dividend actually paid to Canadian Gossard was only $642,379 and that Canadian Gossard was entitled to deduct from the amount of its total Canadian income tax an amount equal to 13½% of $828,876. He further testified that the Canadian income tax authorities regarded the British income tax as having, in fact, been paid by the stockholder entitled to receive the dividend.

We have already been told that our revenue laws give no recognition to the conception for which petitioner here contends, Biddle v. Commissioner, 302 U.S. 573, 581, 58 S.Ct. 379, 82 L.Ed. 431, and that our decision must be based on the meaning of the words in the statute which grants to petitioner a credit for foreign income taxes paid. Biddle case, supra, 302 U.S. 578, 58 S.Ct. 379, 82 L.Ed. 431. That statute, The Revenue Act of 1934, 48 Stat. 718, c. 277, 26 U.S.C.A. Int.Rev.Acts § 131(a) (1) p. 713, permits a domestic corporation to take a credit for the amount of any income taxes paid to any foreign country and § 131(f) provides that a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends shall be deemed to have paid the same proportion of any income taxes paid by such foreign corporation to any foreign country.

In the Biddle case, 302 U.S. page 578, 58 S.Ct. page 381, 82 L.Ed. 431, it was said: "Section 131 does not say that the meaning of its words is to be determined by foreign taxing statutes and decisions, and there is nothing in its language to suggest that, in allowing the credit for foreign tax payments, a shifting standard was adopted by reference to foreign characterizations and classifications of tax legislation. The phrase 'income taxes paid,' as used in our own revenue laws, has for most practical purposes a well-understood meaning to be derived from an examination of the statutes which provide for the laying and collection of income taxes."

Continuing 302 U.S. page 581, 58 S.Ct. page 383, 82 L.Ed. 431, " * * * our statutes afford no scope for saying that the stockholder of a British corporation pays the tax which is laid upon and collected from the corporation," and it was held that our statutes provided no basis for a decision that § 131 extends to such a stockholder a credit for a tax paid by the corporation. See also Helvering v. Queen Ins. Co., 2 Cir., 115 F.2d 341.

In this case Canadian Gossard did not in fact pay a Canadian income tax on the gross dividend declared by British Gossard, consequently, petitioner is not entitled to a credit against its income tax.

We have not overlooked petitioner's contention that immediately after British Gossard declared its dividend, liability for a Canadian tax upon that dividend accrued to Canadian Gossard. We have considered the argument advanced and have concluded the contention can not be sustained.

The decision of the Board of Tax Appeal is affirmed.