## BURROUGHS ADDING MACH. CO. v. TERWILLIGER, Former Acting Collector of Internal Revenue, et al.

### No. 9324.

Circuit Court of Appeals, Sixth Circuit.

April 21, 1943.

Addison D. Connor, of Detroit, Mich. (Butzel, Eaman, Long, Gust & Bills, Thomas G. Long, and Addison D. Connor, all of Detroit, Mich., on the brief), for appellant.

William B. Waldo, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, A. F. Prescott, and Wm. B. Waldo, all of Washington, D. C., and John C. Lehr and Arnold W. Lungerhausen, both of Detroit, Mich., on the brief), for appellees.

Before HICKS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

The question of substance presented here is whether under the provisions of § 131(f) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, page 395, a domestic corporation, for the taxable year 1931, may be allowed a credit for foreign taxes paid upon and with respect to the accumulated profits of a foreign subsidiary of the taxpayer's foreign subsidiary.

On March 16, 1932, appellant filed its income tax return for the year 1931. In this return appellant took a credit, along with others not here material, of $140,-858.01 as income taxes claimed to have been paid to the Canadian government on

the accumulated profits of the Burroughs Machines, Limited. In passing on appellant's return the Commissioner of Internal Revenue refused to allow the credit of $140,858.01, and determined a deficiency assessment of taxes and interest totaling approximately $111,000 against appellant, $68,440.27 of this amount arising out of the readjustment of the foreign tax credit item. The taxes were paid under protest, and after the disallowance of a claim for refund this suit was instituted. The District Court entered judgment for the appellees, upon the ground that the statute makes no provision for crediting foreign income taxes paid to a foreign country by a foreign sub-subsidiary corporation.

The material portions of § 131(f) read as follows:

"For the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends (not deductible under section 23[p]) in any taxable year shall be deemed to have paid the same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country or to any possession of the United States, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits * * *."

The facts are not in controversy, and in substance are as follows:

Appellant is a domestic parent corporation engaged in making and selling business machines in America, Canada and other countries.

During the year 1931 appellant owned all the outstanding capital stock except directors' qualifying shares of the Burroughs Machines, Limited, a Canadian corporation, which owned all of the capital stock except directors' qualifying shares of the Burroughs Adding Machine of Canada, Limited, also a Canadian corporation.

The Burroughs Machines, Limited, was a manufacturing corporation and did not engage in sales promotion. The Burroughs Adding Machine of Canada, Limited, was a sales organization and sold only the products of the Burroughs Machines, Limited.

In the year 1931 the Burroughs Machines, Limited, by formal corporate action, declared dividends on its stock of $1,550,000. During the same year the Burroughs Adding Machine of Canada, Limited, by formal corporate action, declared dividends on its stock of $605,000. The books and records of all three corporations were kept by employees of appellant at Detroit, Michigan, and payment of these dividends was effectuated by making appropriate credit and debit entries on the books and records of the corporations declaring the dividends, and on appellant's books and records.

Appellant had at all times taken all steps necessary to maintain the separate corporate entities of the two Canadian corporations and it maintained separate books and records for each corporation. Corporate profits were figured separately and dividends were declared by each corporation only after formal corporate action by the declaring corporation. From November 20, 1920, through 1931 the manufacturing and sales company in Canada were in substance and effect conducted and operated as one, each being a distinct department of the business as a whole, the two Canadian companies in substance and effect conducting the business of the appellant in Canada.

For a time each Canadian corporation had filed a separate tax return with the Canadian government, but beginning in 1925 and through 1931 both Canadian corporations elected to take advantage of a provision of the Canadian tax law permitting separate corporations working in departmental fashion to file consolidated tax returns. Consolidated returns were filed by the Canadian corporations for the years 1925-1931, setting forth the total profits of both corporations, and taxes were paid to the Canadian government on the basis of these returns. The manner of payment to the Canadian government was for the Burroughs Machines, Limited, to issue vouchers for checks on the commercial account used by both corporations but carried in the name of the Burroughs Adding Machine of Canada, Limited. These vouchers were then credited against the Burroughs Machines, Limited. The commercial account was maintained by the Burroughs Adding Machine of Canada, Limited, depositing the receipts obtained by that company from the sales of the business machines manufactured by the Burroughs Machines, Limited. Both companies had the power to issue vouchers on this account, subject always to an entry

on the company's books and records to show what had occurred.

We think that the judgment of the District Court is correct and must be affirmed. The right to the credit claimed is a privilege granted by the Government, and hence the statute is to be strictly construed in favor of the Government. Swan & Finch Co. v. United States, 190 U.S. 143, 146, 23 S.Ct. 702, 47 L.Ed. 984. Every deduction from gross income is allowed as a matter of legislative grace, White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; Deputy, Admx., v. DuPont, 308 U.S. 488, 493, 60 S.Ct. 363, 84 L.Ed. 416, or as a specially permitted deduction. Helvering v. Northwest Steel Mills, 311 U.S. 46, 49, 61 S.Ct. 109, 85 L. Ed. 29. The taxpayer must therefore bring itself strictly within the statutory provisions, and here it has not done so. What it claims is a credit not only for taxes paid by a foreign corporation which it owns, but also for taxes paid to the Canadian government on behalf of the foreign corporation which is owned by appellant's foreign subsidiary. This situation is not covered by the statute, and no such provision as that contended for can be read into the statute, for tax exemptions do not arise by implication. United States Trust Co. v. Helvering, 307 U.S. 57, 60, 59 S.Ct. 692, 83 L.Ed. 1104.

It is urged that since the purpose of the enactment of § 131(f) was to mitigate the evils of double taxation (Burnet v. Chicago Portrait Co., 285 U.S. 1, 52 S.Ct. 275, 76 L.Ed. 587), we should read into the statute the provision covering subsidiaries of foreign subsidiaries; but the courts are not invested with such power. Congress neither extended the provision to include such entities, nor did it intend to do so. F. W. Woolworth Co. v. United States, 2 Cir., 91 F.2d 973, 977. The history of the enactment subsequent to the taxable year involved (1931) confirms us in our conclusion that no such broad construction was intended, for § 131(f) retained the form quoted above until 1942, when it was amended to include the very provision lacking in the statute of 1928 and asked to be inserted here by judicial construction. Section 158(e) of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts. The legislative reports which preceded this amendment show clearly that Congress regarded it as a distinct change in the law. Report 2333 of Committee on Ways and Means, House of Representatives, 77th Cong., 2d Sess.; Report 1631 of Committee on Finance, U. S. Senate, 77th Cong., 2d Sess. This conclusion is further strengthened by the fact that the same revenue act in which the amendment was made provides that the amendments made by the title, including § 158(e), "shall be applicable only with respect to taxable years beginning after December 31, 1941." Section 101 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts. These express provisions demonstrate that the earlier statute does not authorize the entry of the judgment contended for. The adjudicated cases which construe the section hold that the provisions of § 131(f) will not be extended to cover the subsidiary of a foreign subsidiary. H. W. Gossard Co. v. Commissioner, 7 Cir., 119 F.2d 346; F. H. Peavey & Co. v. United States, Ct.Cl., 55 F.2d 516, 521; F. W. Woolworth Co. v. United States, supra.

The judgment is affirmed.