---

(30 Misc. Rep. 19.)

In re PLUMMER.[1]

(Surrogate's Court, New York County. December, 1899.)

TRANSFER TAX—UNITED STATES BONDS—LIABILITY.

     United States bonds held by a decedent, issued under Act July 14, 1870, providing that they should be exempt from taxation in any form, by or under state, municipal, or local authority, are nevertheless taxable, under Transfer Tax Law 1896, § 242, as amended by Laws 1898, c. 88, imposing such taxation on the transfer of decedents' "estate" and "property," and declaring that such words shall include all property, or interest therein, within or without the state; since such tax is not levied on the bonds, but on the transfer.

Proceeding for the assessment of transfer tax on the estate of Joseph Plummer, deceased. From an order fixing the tax, the executor appeals. Dismissed.

Evarts, Choate & Beaman (Wm. V. Rowe, of counsel), for appellant.

Jabish Holmes, Jr., for respondent.

VARNUM, S. 'On this appeal the sole question at issue is whether or not a transfer of United States bonds, which took place since March 21, 1898, the date when chapter 88 of the Laws of that year took effect, is taxable thereunder. The decedent died October 24, 1898, and the order fixing the tax from which this appeal is taken was made on July 19, 1899. It appears, by stipulation, that the bonds were issued under the act of July 14, 1870, which provides that they shall be exempt from taxation by the United States, and "from taxation in any form by or under state, municipal or local authority," and that each bond contains a clause to that effect. Under these circumstances, I have examined, with much interest,

---

[1] Affirmed on appeal, see 62 N. Y. Supp. 1145.

the elaborate brief of the learned counsel for the appellant, and frankly say that, on principle, there seems to be much to support their contention, but I am of opinion that the question is settled to the contrary by authority. It was established, prior to the act of 1892, that transfers of United States bonds were subject to the tax. In re Howard's Estate, 5 Dem. Sur. 483; In re Carver's Estate, 4 Misc. Rep. 592, 25 N. Y. Supp. 991; In re Tuigg's Estate (Sur.) 15 N. Y. Supp. 548. See, also, In re Whiting's Estate, 2 App. Div. 590, 38 N. Y. Supp. 131. And this was the view taken by apparently the only federal court that has passed on the question. Wallace v. Myers (C. C.) 38 Fed. 184, 4 L. R. A. 171, cited, with approval, in U. S. v. Perkins, 163 U. S. 625, 629, 16 Sup. Ct. 1073, 41 L. Ed. 287. Moreover, the court of appeals has indicated its opinion on the question of the power of the state to impose such a tax, in dicta, which I should consider controlling, in the absence of any other authority. In re Whiting's Estate, 150 N. Y. 27, 31, 44 N. E. 715, 34 L. R. A. 232; In re Sherman's Estate, 153 N. Y. 1, 3–5, 46 N. E. 1032. In the case last cited, as I read it, the court distinctly said that the legislature had power to tax the transfer of United States bonds, but that its language, as contained in the act of 1892, failed to do so, and that the transfer of such securities had been properly held taxable under the acts prior to that of 1892. By the act of 1898 (Laws 1898, c. 88), the words which the court of appeals, in Re Whiting's Estate and in Re Sherman's Estate, ubi supra, construed as indicating an intention of the legislature not to tax bonds of the United States, were omitted from the section in question. Tax Law 1896, § 242; Laws 1892, c. 399, § 22. It is but reasonable to suppose that, in making this omission, the legislature had in mind the decisions prior to 1892, and the judicial construction given to those words, "over which this state has any jurisdiction for purposes of taxation," in the Whiting and Sherman Cases, and intended by the act of 1898 to reach "all property," including bonds of the kind in question, as was possible before 1892. It is almost unnecessary to state that the theory on which the courts have held this kind of security taxable is that the tax is not upon the bonds themselves, but upon the transfer thereof. This distinction is firmly established in this state (see, besides, the Sherman Case, supra; In re Merriam's Estate, 141 N. Y. 479, 36 N. E. 505; In re Bronson's Estate, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238); and it seems to have been recognized in the supreme court of the United States (U. S. v. Perkins, 163 U. S. 625, 16 Sup. Ct. 1073, 41 L. Ed. 287, which affirms In re Merriam's Estate, just cited). The foregoing considerations lead me to dismiss this appeal.

Appeal dismissed.