# CHARLESTON.

HARRY E. WATKINS, *Administrator, etc. v.* GRANT P. HALL, *State Tax Commissioner*

(No. 6343)

Submitted March 13, 1929.    Decided April 9, 1929.

*John T. Simms,* for appellant.
*Harry E. Watkins,* for appellee.

WOODS, PRESIDENT:

This appeal is prosecuted by the State Tax Commissioner from an order of the circuit court of Marion county setting aside an inheritance tax assessment.

The only asset of the estate involved in this proceeding is the sum of $6,640.00, the commuted value of a war risk insurance policy for $10,000.00, issued to Patrick V. Talbott, who died in November, 1918, intestate, unmarried and without

issue, leaving surviving him a mother, three sisters and five brothers. Under the terms of the policy, the sum of $57.50 per month was paid to the mother until her death, March 4, 1927. After that date the government paid over the then present value of the remaining installments, amounting to $6,640.00, to Harry E. Watkins, as administrator of the estate of the deceased soldier.

The insurance contract was a part of the federal government's war policy. It was, by its own terms, and the statute providing therefor, subject to future acts of Congress. By virtue of section 28, added to the act of Congress of 1914, as amended in 1917, effective June 25, 1918, and re-enacted in the World War Veterans' Act, 43 Stats. at L. 607, 613, c. 320, sec. 22, June 7, 1924 (38 USCA Sec. 454), it was provided, in substance, that insurance payable under such contract shall not be assignable, shall not be subject to the claims of creditors, and shall be exempt from all taxation.

At the time of the death of the insured's mother the World War Veterans' Act of 1924, as amended in 1925, provided: "If the designated beneficiary does not survive the insured, or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, *there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable,* said value to be computed as of the date of last payment made under any existing award. * * * In cases when the estate of an assured would escheat under the laws of the place of his residence the insurance shall not be paid to the estate but shall escheat to the United States and be credited to the military and naval insurance appropriation. This section shall be deemed to be in effect as of October 6, 1927." 43 Stats. at L. 1302, 1310, c. 553, sec. 14, Act March 4, 1925 (38 USCA Sec. 514).

The tax commissioner takes the position that once the amount has been paid to the administrator of the insured it becomes subject to the tax laws of the state, and that the distribution thereof by the administrator to the several distributees constitutes transfer in contemplation of chapter 33, Code; in other words, that the process through which the

fund passes from the government to the beneficiaries of the estate constitutes two transfers—one from the government to the administrator and the other from the administrator to the beneficiaries of the estate. On the other hand, the appellees contend that it constitutes but one transfer; that the administrator is merely a conduit through whom the fund passes to the beneficiaries.

In the case of *In re Geier*, 155 La. 167, 99 So. 26, 32 A. L. R., 353, decided prior to the enactment of the World War Veterans' Act of 1924, the Supreme Court of Louisiana held that payments by the government were not subject to a transfer tax since the parties within the permitted class of beneficiaries took as beneficiaries rather than heirs. In that case the beneficiary designated in the policy had died before the insured, and, no other beneficiary having been substituted, the insurance at the death of the insured became payable, under the provisions of the statute, to the surviving father and brothers and sisters of the insured, in accordance with the provision of the act that, if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons, within the permitted class of beneficiaries as would, under the laws of the state of the residence of the insured, be entitled to his personal property in case of intestacy.

The Supreme Court of Appeals of Ohio, in the case of *Tax Commission of Ohio* v. *Rife*, 119 Ohio 83, 162 N. E. 390, a case similar in every respect with the instant one, adopted the position taken by the Louisiana Court, and in dealing with the change of 1925, providing that the money be turned over to the estate of the decedent, said: "It is reasonable to assume that the purpose of Congress in making the payment to the administrator of the deceased soldier was for the benefit of the government, to relieve the government of the necessity of selecting and determining the next of kin of the deceased soldier to whom payment should be made, and to place this burden upon the administrator appointed in the state of the soldier's residence. The administrator becomes a mere trustee or conduit for the government to make the payments to the persons entitled to the same under the provisions of the

federal law. The intestate laws do not operate upon the decedent's property, but are referred to in order to determine who shall take the proceeds of insurance." This position we believe to be a sound one. That Congress had a right to adopt the course of descent prevailing in the state of the residence of the soldier, there can be no question. The proceeds of the insurance, therefore, passed under the federal act. In other words, the intestate laws of the state of the residence of the soldier was simply adopted as a means for ascertaining the next of kin to whom payment should be made. Such a construction is supported by the further fact that in case of an escheat the same shall be to the United States, rather than the State.

It being apparent that the brothers and sisters take as beneficiaries under the contract of insurance, that the intestate laws of this State have been set in motion for the purpose of carrying out certain provisions of a war measure in regard thereto, and that the terms of said war measure expressly exempts from all taxation insurance payable thereunder, the decree of the lower court will be affirmed.

*Affirmed.*