UNITED STATES TRUST CO., EXECUTOR, v. HELVERING, COMMISSIONER OF INTERNAL REVENUE.

No. 453. Argued March 3, 1939.—Decided April 17, 1939.

*Mr. Wilder Goodwin* for petitioner.

*Mr. J. Louis Monarch,* with whom *Solicitor General Jackson, Assistant Attorney General Morris,* and *Messrs. Sewall Key* and *Edward J. Ennis,* and *Helen R. Carloss* were on the brief, for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

The sole question is whether proceeds of a War Risk Insurance policy payable to a deceased veteran's widow were properly included in his gross estate under a federal estate tax.

The federal estate tax in question [1] included in a decedent's gross estate the amount in excess of forty thousand dollars received by "beneficiaries [other than his estate] as insurance under policies taken out by the decedent upon his own life." This veteran's total life insurance for beneficiaries other than his estate exceeded at death the statutory exemption of forty thousand dollars, if his War Risk Insurance policy payable to his widow in the sum of ten thousand dollars is included. The Commissioner assessed an estate tax measured by this excess. As decedent's executor, petitioner claimed that proceeds of the War Risk Insurance policy could not be included in the estate because of § 22 of the World War Veterans' Act, 1924, providing that such "insurance . . . shall be exempt from all taxation." [2] The Board of Tax Appeals upheld the determination of the Commissioner, and the Circuit Court of Appeals affirmed. [3]

---

[1] § 302 (g) Revenue Act of 1926, as amended.

[2] 43 Stat. 607, 613.

[3] 98 F. 2d 734. State courts have differed as to whether proceeds of War Risk Insurance are subject to death duties imposed by the States. See, for example, *In re Estate of Harris,* 179 Minn. 450; 229 N. W. 781; *Tax Commission* v. *Rife,* 119 Oh. St. 83; 162 N. E.

Congress has manifested a consistent policy in the Revenue Acts from 1918 to 1934, when the veteran died, by impositions of estate taxes upon transfers at death of proceeds of all life insurance (not payable to an insured's estate) in excess of forty thousand dollars. This has been in harmony with a general plan of graduating income and inheritance taxes to accord with the respective sizes of incomes and estates.[4] And the Treasury Regulations have stated that "The statute provides for the inclusion in the gross estate of . . . All insurance [not for the benefit of an estate] . . . to the extent that it exceeds . . . forty thousand dollars . . . The term 'insurance' refers to life insurance of every description, . . ."[5]

But petitioner invokes the provision of the World War Veterans' Act, 1924, that insurance thereunder "shall be exempt from all taxation." An amendment to that Act of August 12, 1935 [6] provides that "Payments of benefits due or to become due . . . shall be exempt from taxation . . ." However, this amendment served only to clarify the original provision for exemption, without more.[7] Unless resort is had to enlargement by implication, this exemption means only that the proceeds or benefits of a War Risk policy are exempt from taxation.

390; *Wanzel's Estate,* 295 Pa. 419; 145 A. 512; *Watkins* v. *Hall,* 107 W. Va. 202; 147 S. E. 876 (holding these proceeds not subject to such excises); and *Matter of Sabin,* 224 App. Div. 702; 228 N. Y. S. 890; *Matter of Dean,* 131 Misc. 125; 225 N. Y. S. 543 (contra). In view of this fact and the importance of an authoritative interpretation of the federal statutes involved, we granted certiorari, 305 U. S. 591.

[4] See, 44 Stat. 9, 21, 22; 48 Stat. 680, 684, 754.

[5] Treasury Regulation No. 70 (1929 Edition), Articles 25 and 27; Treasury Regulation No. 80, (1934 Edition), Articles 25 and 27.

[6] 49 Stat. 607, 609.

[7] *Lawrence* v. *Shaw,* 300 U. S. 245, 249.

Exemptions from taxation do not rest upon implication.[8]

An estate tax is not levied upon the property of which an estate is composed. It is an excise imposed upon the transfer of or shifting in relationships to property at death.[9] The tax here is no less an estate tax because the proceeds of the policy were paid by the Government directly to the beneficiary; the taxing power was nevertheless exercised upon "the transfer of property procured through expenditures by the decedent with the purpose, effected at his death, of having it pass to another."[10] In an analogous situation, federal bonds exempt by statute from all taxation have been held subject to a federal inheritance tax.[11] And state inheritance taxes can be measured by the value of federal bonds exempted by statute from state taxation in any form.[12] Similarly, the statutory immunity of War Risk Insurance from taxation does not include an immunity from excises upon the occasion of shifts of economic interests brought about by the death of an insured.

Petitioner makes the further point that the inclusion of proceeds of the War Risk policy for purposes of an estate tax amounts to an impairment of the Government's contract with the insured veteran, in violation of the Fifth Amendment to the Constitution. But neither the Act of 1924, as amended, nor any of the provisions of the War Risk Insurance Act purported to exempt War Risk Insurance from death duties. Therefore, no statu-

---

[8] *Rapid Transit Corp.* v. *New York*, 303 U. S. 573, 592, 593; *Trotter* v. *Tennessee*, 290 U. S. 354, 356, 357; *J. W. Perry Co.* v. *Norfolk*, 220 U. S. 472, 480; *Chicago Theological Seminary* v. *Illinois*, 188 U. S. 662, 672.

[9] *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, 347; *Chase National Bank* v. *United States*, 278 U. S. 327, 334; *United States* v. *Jacobs*, 306 U. S. 363, 367.

[10] *Chase National Bank* v. *United States, supra,* 337.

[11] *Murdock* v. *Ward*, 178 U. S. 139.

[12] *Plummer* v. *Coler*, 178 U. S. 115.

tory exemption which could be considered a provision of the insurance contract has been affected by the imposition of the estate tax in this case. The judgment is

*Affirmed.*