A. M. LANDMAN, SUPERINTENDENT OF THE FIVE CIVILIZED TRIBES, FOR ESTATE OF JEANETTA BURGESS NEE TIGER, DECEASED CREEK, ROLL NO. 5069, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 98496. Promulgated October 15, 1940.

*Huston Thompson*, Esq., and *Oscar P. Mast*, Esq., for the petitioner.

*R. C. Whitley*, Esq., and *Ralph E. Smith*, Esq., for the respondent.

---

962

OPINION.

Smith: The petition filed in this proceeding alleges that the "Respondent erred in determining that under the law the estate of decedent is subject to any Federal estate tax."

The Revenue Act of 1926 provides in part:

Sec. 301. (a) In lieu of the tax imposed by Title III of the Revenue Act of 1924, a tax equal to the sum of the following percentages of the value of the net estate (determined as provided in section 303) is hereby imposed upon the transfer of the net estate of *every* decedent dying after the enactment of this Act, whether a resident or nonresident of the United States.

\*       \*       \*       \*       \*       \*       \*

Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death. [Emphasis supplied.]

The estate tax imposed by the Revenue Act of 1926 and the amendments thereto is upon the net estate of "every decedent dying after the enactment of this Act, whether a resident or nonresident of the United States." The decedent died subsequent to the Revenue Act of 1926. She was a resident of the United States. All of her property was located in the United States.

The petitioner contends, however, that the decedent had no "net estate" within the meaning of the taxing statute; that "the interest of the decedent [in her property] was deleted by statutory restriction and governmental practice and regulations thereunder so that decedent [at the time of her death] had nothing to transfer but a hollow interest in the estate."

The decedent was recognized as the owner of the land, although she could not sell, lease, or otherwise encumber it without the approval of the Secretary of the Interior. She was also recognized as the beneficial owner of all of the income from the land and of property purchased out of such income, as well as of such property. The legal title to all such property was held by the United States in a fiduciary capacity for the benefit of the decedent. She was the sole beneficiary. The United States had paid over to her during her lifetime more than $400,000 of the income. The balance was held by the United States at the date of death for the benefit of the decedent. She had the right under section 23 of the Act of April 26, 1906 (34 Stat. 137) to will that property to whomever she chose. She made an ineffective will in 1931, devising and bequeathing nearly all of the property to her husband. Where a person has the entire beneficial interest in property held in trust the value of such property is includable in the gross estate. The petitioner does not question the correctness of the value of the property determined by the respondent as includable in the decedent's gross estate. We reach the conclusion that the decedent had a net estate in the amount claimed by the respondent within the meaning of the Revenue Act of 1926.

The petitioner further contends that, under the treaties between the United States and the Five Civilized Tribes, lands in Oklahoma (then the Indian territory) were set apart for the Indians in exchange for other lands given up by them and that Congress has provided that the lands allotted to full-blood Indians shall be "nontaxable and inalienable and free from any incumbrance whatever for twenty-one years" (sec. 7 of the Act of March 1, 1901, 31 Stat. 861, 863, and sec. 16 of the Act of June 30, 1902, 32 Stat. 500, 503); that the understanding of the Indian was that the provision that the land should be nontaxable embraced every form of tax, including an estate tax; and that the understanding of the Indian must be given effect.

Apparently all of these arguments were pressed upon the United States Supreme Court in the case of *Superintendent of the Five Civilized Tribes* v. *Commissioner*, 295 U. S. 418. The Supreme Court rejected the contentions in holding that the income of a trust fund held for a restricted Indian was subject to income tax. The Supreme Court said:

Nor can we conclude that taxation of income from trust funds of an Indian ward is so inconsistent with that relationship that exemption is a necessary implication. Nontaxability and restriction upon alienation are distinct things. *Choate* v. *Trapp*, 224 U. S. 665. The taxpayer here is a citizen of the United States, and wardship with limited power over his property does not, without more, render him immune from the common burden.

The petitioner contends that the above cited case is not in point in this proceeding for the reason that the Court was there dealing only with income derived from the investment of surplus funds of a restricted Indian and not with income derived from royalties on oil produced from the Indian's land. It is apparent, however, from the rationale of the opinion and from the cases cited, that the court intended to make no distinction between a restricted Indian's income derived from the investment of surplus funds and his other taxable income. The point was made that "The language of sections 210 and 211 (a) [Revenue Act of 1918] subjects the income of 'every individual' to tax." Therefore the income of the restricted Indian is subject to tax the same as the income of an unrestricted Indian or any other citizen or resident. By a parity of reasoning the estate of a restricted Indian must be held subject to estate tax; for the estate tax is imposed upon the net estate of "every" decedent dying after the enactment of the imposing statute.

It is furthermore to be noted that the Federal estate tax is not a tax upon property; it is an excise tax imposed upon the transfer or shifting "of the economic benefits and burdens" of property at death. *Chase Nat. Bank* v. *United States*, 278 U. S. 327. The distinction between a direct tax on property and an excise on the transfer of property is neither illusory nor inconsequential. It is so fundamental that it has been made the basis for sustaining a tax of the latter character, even though the subject of the transfer itself was tax-exempt. Thus a state may impose a legacy tax on a bequest which consists wholly of tax-exempt United States bonds. *Plummer* v. *Coler*, 178 U. S. 115; *Orr* v. *Gilman*, 183 U. S. 278. Likewise the Federal Government may impose the estate tax upon the transfer of net estates consisting in part of municipal bonds. *Greiner* v. *Lewellyn*, 258 U. S. 384.

Likewise it was held in *United States Trust Co.* v. *Helvering*, 307 U. S. 57, that the proceeds of a War Risk Insurance policy payable to a deceased veteran's widow was subject to Federal estate tax. In that case the executor of the estate contended that the proceeds of such policy should not be included in the estate because of the provisions of the World War Veterans Act, 43 Stat. 607, which provided that "insurance * * * shall be exempt from all taxation."

The Federal estate tax does not specifically exempt from the tax the estate of a restricted Indian. If such an estate is exempt from estate tax the exemption must rest upon implication. But, as was said in *United States Trust Co.* v. *Helvering, supra*, "Exemptions from taxation do not rest upon implication. * * * Similarly, the statutory immunity of War Risk Insurance from taxation does not

include an immunity from excises upon the occasion of shifts of economic interests brought about by the death of an insured." See also *Edgar A. Igleheart, et al., Executors*, 28 B. T. A. 888; *Estate of Irving S. Fellner*, 33 B. T. A. 746; *Lawrence C. Phipps*, 34 B. T. A. 641; *Trotter* v. *Tennessee*, 290 U. S. 354.

We conclude that the respondent did not err in his holding that the estate of the decedent was subject to Federal estate tax.

In the petition filed in this proceeding it is alleged that "Respondent erred in disallowing a credit for State estate or inheritance taxes." It does not appear from the record in this proceeding that any state, estate, or inheritance tax has been paid or will be paid upon the estate of the decedent. It is alleged, however:

> That the State of Oklahoma is now proceeding against the estate of the decedent to collect an estate or inheritance tax and if successful the estate will be entitled to a credit on account thereof to the extent of 80% of the Federal estate tax imposed by the Revenue Act of 1926, and no allowance has been made for said credit and, therefore, the estate of decedent has been deprived of its rights.

Upon proof of the payment of a state, estate, or inheritance tax, credit therefor will be allowed upon the settlement under Rule 50 of the Board's Rules of Practice.

Reviewed by the Board.

*Decision will be entered under Rule 50.*