## MERCHANTS NAT. BANK OF MOBILE v. UNITED STATES.

No. 44094.

Court of Claims.
April 7, 1941.

D. F. Prince, of Washington, D. C. (Geo. E. H. Goodner, of Washington, D. C., on the brief), for plaintiff.

Hubert L. Will, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHALEY, Chief Justice.

The question presented in this case is whether plaintiff is entitled to a refund of the stamp tax paid by it on 20,000 shares of its preferred stock which it issued to the Reconstruction Finance Corporation. The tax was collected under section 800 of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 284, and that act as amended by section 722 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Acts, page 629, by which sections a stamp tax at a specified rate was imposed on the original issue of shares of corporate stock.

The parties are agreed that the tax in question was properly ·collected unless the plaintiff was exempted from the provisions of that act by the act of March 20, 1936, 49 Stat. 1185, 12 U.S.C.A. § 51d et seq., by reason of the fact that plaintiff's stock was issued to the Reconstruction Finance Corporation. That statute

reads in part as follows: "Notwithstanding any other provision of law or any privilege or consent to tax expressly or impliedly granted thereby, the shares of preferred stock of national banking associations, and the shares of preferred stock, capital notes, and debentures of State banks and trust companies, heretofore or hereafter acquired [before or after March 20, 1936] by Reconstruction Finance Corporation, and the dividends or interest derived therefrom by the Reconstruction Finance Corporation, shall not, so long as Reconstruction Finance Corporation shall continue to own the same, be subject to any taxation by the United States, by any Territory, dependency, or possession thereof, or the District of Columbia, or by any State, county, municipality, or local taxing authority, whether now, heretofore, or hereafter imposed, levied, or assessed [on, before or after March 20, 1936], and whether for a past, present, or future taxing period."

At the outset it should be observed that the tax in question was not levied against or collected from the Reconstruction Finance Corporation; the tax was collected from the plaintiff, a national bank, on account of the issuance of its stock to the Reconstruction Finance Corporation. Apparently the only manner in which the tax could even indirectly have affected the Reconstruction Finance Corporation was that the tax would constitute an expense of plaintiff and therefore would reduce the income which would otherwise be available for the payment of dividends on the stock to the Reconstruction Finance Corporation. Having in mind the well-established rule that an exemption from taxation must be clearly declared by the language of the statute which it is claimed confers such exemption, it is difficult to see how it could be said that this exempting statute (which undertakes to exempt from tax stock in a national bank when held by the Reconstruction Finance Corporation) could be held to exempt a national bank from a transfer tax on the issuance of that stock to the Reconstruction Finance Corporation.

This exempting statute was enacted by reason of a court decision which held that stock of a national bank when held by the Reconstruction Finance Corporation was subject to state and municipal taxes (Baltimore National Bank v. State Tax Commission of Maryland, 297 U.S. 209, 56 S.

Ct. 417, 80 L.Ed. 586, affirming a decision by the Court of Appeals of Maryland, 169 Md. 65, 180 A. 260). In that case the State Tax Commission of Maryland was seeking to collect a direct tax from a national bank on account of the bank's stock which the Reconstruction Finance Corporation owned, and while the bank was being required to pay the tax the right of reimbursement existed on the part of the bank from its stockholders, in that instance the Reconstruction Finance Corporation. Stock of . state banks was not similarly taxed in the State of Maryland where the case arose, and in many states stock of national banks was either not taxed at all or was taxed at varying rates. As will appear from the report of the Senate Committee on Banking and Currency, the exempting statute was enacted in order to remove not only the inequality of treatment as between state and national bank stocks but also because of the varying rates of tax levied by the several states. A further consideration was that taxes of that nature levied by a state or municipality on the stock of a national bank, collected from the bank, and deducted from the funds otherwise payable to the Reconstruction Finance Corporation, might well wipe out the small margin of profit which the Reconstruction Finance Corporation would receive from making such an investment (Senate Report No. 1545, 74th Congress, 2d Session).

Clearly the case with which we are concerned is vastly different from that which gave rise to the exempting statute in question. Here no attempt is being made to levy a tax on national bank stock held by the Reconstruction Finance Corporation nor is it sought to collect a tax from the Reconstruction Finance Corporation. The tax is levied against the plaintiff, a national bank, on the issuance of its stock to the Reconstruction Finance Corporation and is not a tax on the plaintiff's stock when held by the Reconstruction Finance Corporation. At most the Reconstruction Finance Corporation could be affected only in an indirect manner. Only by implication could the exemption be held to apply to plaintiff and that is forbidden by well-established rules of statutory construction. United States Trust Co., Executor v. Helvering, 307 U.S. 57, 59 S.Ct. 692, 83 L.Ed. 1104. Since no express exemption is set out in the statute which would relieve plaintiff from the tax bur-

den complained of, the exaction must be sustained.

Plaintiff's petition is accordingly dismissed. It is so ordered.