**LANDMAN, Superintendent of Five Civilized Tribes, v. UNITED STATES.**

No. 45348.

Court of Claims.

Feb. 5, 1945.

Huston Thompson, of Washington, D. C., for plaintiff.

J. W. Hussey, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, and MADDEN, Judges.

WHITAKER, Judge.

This is a suit by plaintiff, as the Superintendent of the Five Civilized Tribes, to recover estate taxes assessed against the estate of Jacob Pierce, a full-blood Creek Indian, who died on January 2, 1933.

Upon Pierce's death the plaintiff filed for him an estate tax return showing no estate taxes due. The Commissioner of Internal Revenue, however, determined and assessed a deficiency against his estate of $88,393.66. This was later reduced to $75,062.92. Plaintiff sued to recover this sum on the ground that the Commissioner wrongfully included in the gross estate of Jacob Pierce two-fifths of the value of an allotment to him of 160 acres of land in Oklahoma and certain inherited lands and certain restricted cash, all of which was said to be tax-exempt. However, in his brief plaintiff limits his claim to the alleged wrongful inclusion within Pierce's gross estate of two-fifths of the value of 160 acres of allotted lands. (Decedent by last will and testament devised two-fifths of his entire estate to John H. Jones, a three-quarter blood Creek Indian, and three-fifths of his estate to his daughter, Silla Micco, a full-blood Creek Indian.)

It is agreed that the amount included in the gross estate for the two-fifths of the value of the 160 acres of land was $51,384.-50. Plaintiff says that this should not have been included in his estate because of the provisions of the original Creek Agreement of March 1, 1901, c. 676, 31 Stat. 861, and of the Act of April 26, 1906, c. 1876, 34 Stat. 137, and of the Act of May 27, 1908, c. 199, 35 Stat. 312, and of section 4 of the Act of May 10, 1928, c. 517, 45 Stat. 495, 496. Section 4 of the Act of May 10, 1928, provides, in part: "* * * That the Indian owner of restricted land, if an adult and not legally incompetent, shall select from his restricted land a tract or tracts, not exceeding in the aggregate one hundred and sixty acres, to remain exempt from taxation and shall file with the superintendent for the Five Civilized Tribes a certificate designating and describing the tract or tracts so selected. * * *"

The section further provides for the recording of this certificate with the superintendent of the Five Civilized Tribes and in the records of the county in which the land is situated, and then further provides: "* * * and said lands, designated and described in the approved certificates so recorded, shall remain exempt from taxation while the title remains in the Indian designated in such approved and recorded certificate, or in any full-blood Indian heir of devisee of the land. * * *"

The Act of January 27, 1933, 47 Stat. 777, extended the period of tax exemption of such lands until April 26, 1956. Decedent died on January 2, 1933.

The 160 acres of allotted lands, two-fifths of the value of which was included by the Commissioner in the decedent's gross estate, had been designated and described in approved certificates and recorded in full compliance with the provisions of section 4 of the Act of May 10, 1928, supra.

We are of the opinion that the transfer of such land at the death of the decedent was exempt from Federal taxation under the provisions of section 4 of the Act of May 10, 1928, supra, and under the decision of the Supreme Court in Oklahoma Tax Commission v. United States, 319 U.S. 598, 63 S.Ct. 1284, 87 L.Ed. 1612. In that case there was involved the right of the State of Oklahoma to subject to its estate tax certain land exempt from direct taxation, land not exempt from direct taxation, restricted cash and securities held for the Indians by the Secretary of the Interior, and miscellaneous personal properties and insurance. The court divided 5 to 4 on the propriety of the inclusion within the estate of the Indians of the land not exempt from direct taxation, the restricted cash and securities, and the miscellaneous personal properties and insurance, but it was unanimous in holding that the land exempt from

direct taxation under the provisions of section 4 of the Act of May 10, 1928, supra, should not have been included. In the majority opinion (319 U.S. at pages 610, 611 63 S.Ct. at page 1290, 87 L.Ed. 1612) it was said: "The validity of the taxes on the transfer of the land presents a somewhat different problem. Some of these lands are exempt from direct taxation by virtue of explicit congressional command. The Act of May 10, 1928, 45 Stat. 495, for example, provides that Indians of a class which includes the three deceased should select up to 160 acres of his allotted, inherited or devised restricted lands, which 'shall remain exempt from taxation while the title remains in the Indian designated * * * or in any full-blood Indian heir of devisee,' while all other restricted lands are made subject to taxation by Oklahoma. The state argues that congressional exemption of the land from direct state taxation does not exempt the land from an estate tax, because of the principles announced in United States Trust Co. v. Helvering, supra [307 U.S. 57, 59 S.Ct. 692, 83 L.Ed. 1104]. A majority of the Court concludes that this principle does not apply to Indian lands specifically exempted from direct taxation. We therefore hold that the transfer of those lands which Congress has exempted from direct taxation by the state are also exempted from estate taxes."

Mr. Justice Murphy, in his dissenting opinion, in which the Chief Justice and Mr. Justice Reed and Mr. Justice Frankfurter joined, said: "* * * Most of their allotted lands were expressly exempt from taxation, and, as the opinion of the Court recognizes, this removed them from the operation of Oklahoma's estate tax."

In a note supplementing this statement he further said: "The fact that the exemptions do not mention inheritance or estate taxes is unimportant. As pointed out before, contrary to the general rule Indian tax exemptions are to be liberally construed. See Carpenter v. Shaw, 280 U.S. 363, 366, 367, 50 S.Ct. 121, 122, 74 L.Ed. 478. For that reason decisions, such as United States Trust Co. v. Helvering, 307 U.S. 57, 59 S.Ct. 692, 83 L.Ed. 1104, that statutory exemptions from taxation do not include an exemption from estate taxes, have no application here."

It appears, therefore, that both the majority and the minority were in agreement that the Act of May 10, 1928, was intended not only to cover direct taxes on the lands, but was intended to cover as well a tax on the privilege of transferring the lands at death.

The tax under consideration in Oklahoma Tax Commission v. United States, supra, was a State tax; the tax levied in the case at bar is a Federal tax, but this is immaterial, since both taxes are identical in character; both are estate taxes levied upon transfers of property by death. Section 301 (a) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 69, 26 U.S.C.A.Int.Rev. Acts, page 225, levies a tax "upon the transfer of the net estate of every decedent * * *." The Oklahoma tax, according to the opinion of the Supreme Court in Oklahoma Tax Commission v. United States, supra, 319 U.S. at page 600, 63 S.Ct. at page 1285, 87 L.Ed. 1612 was levied "upon all transfers made in contemplation of death or intended to take effect after death as well as transfers 'by will or the intestate laws of this state.' "[1]

The taxes are identical in character. Since the lands are exempt from State estate taxes, it necessarily follows they are exempt from Federal estate taxes.

We are of the opinion that the Commissioner of Internal Revenue wrongfully included in the decedent's gross estate any part of the value of the two-fifths of the 160 acres of allotted lands, and, therefore, under the special findings of fact and conclusion of law which have been made by the court in this case, that plaintiff is entitled to recover so much of the taxes assessed as resulted from the inclusion in decedent's gross estate of two-fifths of the value of the allotted lands.

Entry of judgment will be deferred until the filing of a stipulation by the parties, or, in the absence of a stipulation, until the incoming of a report by a commissioner showing the amount of taxes due to be refunded, computed in accordance with the foregoing findings of fact and opinion. It is so ordered.

JONES, Judge, took no part in the decision of this case.

---

[1] Ch. 162, Sess.Laws of the State of Oklahoma, 1915; Ch. 66, Art. 5, Sess.Laws of the State of Oklahoma 1935.