In the Matter of the Estate of MATTHEW REILLY, Deceased.

Surrogate's Court, Orange County, July 26, 1946.

*Francis J. Mahoney* for executor, petitioner.

*Charles H. Borland* for State Tax Commission, respondent.

TAYLOR, S. The problem here arises upon a motion to declare an estate exempt of estate tax. Included in the schedules is an item of $1,127 as the value of an adjusted service certificate which named, as the Surrogate has been informed — it not appearing in the schedules — the veteran's mother, Ellen Reilly, as the original or primary beneficiary and in event of her death the veteran's daughter, Mary Helen Redner. The mother predeceased the veteran but the daughter is living, is the residuary legatee and will be the recipient of the proceeds of this certificate. The Surrogate has also been informed that since the veteran died after the maturity of the certificate the proceeds will be paid to his estate.

If this item is includible in the gross estate, then there will be a tax, otherwise not.

The decedent was a veteran of World War I and there was issued to him an adjusted service certificate under the Act of Congress of May 19, 1924, chapter 157 (World War Adjusted Compensation Act, § 201; U. S. Code, tit. 38, § 601). Although by Act of Congress of January 27, 1936, chapter 32 (Adjusted Compensation Payment Act, 1936, § 1 *et seq.*; U. S. Code, tit. 38, § 686 *et seq.*) the veteran was entitled to surrender this certificate and to receive bonds in place thereof, he never surrendered the certificate.

The executor points to the 1924 Act (World War Adjusted Compensation Act, § 308, as amd.; U. S. Code, tit. 38, § 618) wherein it stated that "No sum payable under this Act to a veteran or his dependents, or to his estate, or to any beneficiary named under Title V * * * shall be subject * * * to National or State taxation * * * ", and claims that by reason thereof this item is not includible in the gross estate for taxation purposes.

Diligent research on the part of counsel has disclosed but one case involving this type of holding, and the Surrogate's own efforts have disclosed no other.

The executor contends *Schmuckli's Estate* (341 Pa. 36) should be followed. Pennsylvania has an estate tax so there can be no differentiating with respect to the nature of the tax levy. It seems that in that case the veteran had exchanged the certificate for bonds, but had not exercised his right to redeem the bonds during his lifetime. The real basis of the decision in that case was the finding (p. 41) " that the estate was used as a mere conduit through which the gratuity was to pass to the ultimate donees thereof. The bonds, therefore, were not such part of the veteran's estate as would make them subject to a transfer inheritance tax."

Although there are other authorities following the line of reasoning of the *Schmuckli* case (*supra*) (*Matter of Geier,* 155 La. 167; *In Re Harris,* 179 Minn. 450; *Tax Comm.* v. *Rife,* 119 Ohio St. 83, affg. 27 Ohio App. 516; *Watkins* v. *Hall,* 107 W. Va. 202) the Surrogate does not so read the statute, but rather finds that in the absence of a beneficiary entitled to take (and there is none here, since the certificate has matured), the proceeds of the certificate, or the bonds which may have been substituted therefor, become part of the deceased veteran's estate the same as any other assets. This seems to be the holding in *Funk* v. *Luithle* (58 N. D. 416), *Matter of Ryan* (129 Misc. 248, affd. 220 App. Div. 835) and *Matter of Storum* (220 App. Div. 472). If, as some of these cases indicate, the certificate is a contract between the Government and the named beneficiary, and after the death of the beneficiary continues to be a contract between the Government and the veteran's distributees, we would have the rather anomalous and perhaps confusing situation of the contract being between the Government and different relatives of the decedent veteran according to the State in which he was domiciled at the time of his death. It is submitted that no such result was intended. The Surrogate cannot follow these cases insofar as they hold that the veteran's estate was

but a mere conduit through which the funds passed to reach those with whom the Government contracted.

There are many other cases involving practically the same exemption from taxation which point out the answer here.

There can no longer be any doubt that an estate tax is not a levy upon the property itself, but upon the right of transmitting that property through death. (*Matter of Hard,* 261 App. Div. 192; *U. S. Trust Co.* v. *Helvering,* 307 U. S. 57.)

The *Helvering* case (*supra*) involved the question of inclusion in a decedent's gross estate of the amount of life insurance in excess of $40,000 received by the beneficiaries as insurance under policies taken out by the decedent upon his own life. The fact that in that case the war risk insurance was payable to a named living beneficiary makes a stronger case for the executor than here. The World War Veterans' Act, 1924 (§ 22; U. S. Code [1934 ed.], tit. 38, § 454), provided that such insurance " shall be exempt from all taxation ", but said the court (p. 60) : " Similarly, the statutory immunity of War Risk Insurance from taxation does not include an immunity from excises upon the occasion of shifts of economic interests brought about by the death of an insured."

The Supreme Court referred to the State decisions hereinbefore mentioned and other authorities differing with them and gave that conflict as a reason for granting certiorari.

Although it may not be of strong probative force, attention is nevertheless called to section 221 of the Tax Law, as amended in 1928 (L. 1928, ch. 844), and particularly the exemption from estate tax of " all proceeds of any federal war risk insurance policy of any veteran of the world war which is payable or which may become payable to the estate of such veteran." This statute is inapplicable to estates of persons dying after September 1, 1930, but in its counterpart in the presently applicable statute (Tax Law, § 249-c) this exemption has been omitted.

The United States Government bonds involved in *Plummer* v. *Coler* (178 U. S. 115, 117, affg. *sub nom. Matter of Plummer,* 161 N. Y. 631, affg. 47 App. Div. 625, affg. 30 Misc. 19) were issued under an act of Congress which, among other things, declared them exempt from taxation in any form by or under State authority, and the court after remarking that " It is not open to question that a State cannot, in the exercise of the power of taxation, tax obligations of the United States ", held nevertheless that the tax in question was not upon the property itself,

but upon its transmission by will or by descent, and that the bonds were properly included in the decedent's gross estate for taxation purposes.

*People* v. *Home Insurance Co.* (92 N. Y. 328, affd. *sub nom. Home Insurance Co.* v. *New York,* 119 U. S. 129) turned upon the indirect taxation of Government bonds, in that the State claimed the right to base its franchise tax upon the total corporate income including a substantial sum as interest from Government bonds. Here, too, it was held that income from these bonds should be included in the sum used as the basis of taxation, for the tax was upon the right to conduct business as a corporation and was not a property tax.

Other New York cases, to which reference may be made, are *Matter of Sabin* (224 App. Div. 702) and *Matter of Schaeffer* (130 Misc. 436).

Going to the text writers we find in Warren's Heaton on N. Y. Surrogates' Courts (Vol. 6, § 11.26) the writer stating that " War-risk insurance issued under the federal Act of 1919 is, by the terms of the act, exempt from all taxation. New York, in 1928, explicitly provided for its exemption from inheritance tax. The passage of the estate tax law of 1930, abolished this exemption, and the federal rule that proceeds of such insurance is includable in the gross estate will be followed by New York."

Paul, in his work " Federal Estate and Gift Taxation ", has, this to say upon the subject (Vol. 1, § 10.11): " Any lingering doubts as to the taxability of war risk insurance have been dispelled by a recent decision of the Supreme Court that such proceeds are not exempt from the federal estate tax, despite the provision in the World War Veterans' Act that payment of such benefits should ' be exempt from all taxation.' Although contrary to a number of state decisions under local inheritance tax statutes, this holding accords with the traditional theory that the estate tax is an excise tax upon the transfer of property and not upon the property itself. The decedent in the case before the Supreme Court died prior to the 1935 amendment to the Veterans' Act, by which such benefits were stated to be exempt from taxation ' either before or after receipt by the beneficiary.' The Court's opinion makes it plain, however, that this amendment in no way enlarges the exemption so far as estate taxes are concerned."

Montgomery in his book " Federal Taxes on Estates, Trusts and Gifts (1945–46) " states that (p. 376) " The proceeds of war risk insurance policies are included in the gross estate in spite of a provision in the War Risk Insurance Act exempting

such proceeds from taxation ", and cites the *U. S. Trust Co.* case (307 U. S. 57, *supra*) as authority.

The conclusion here reached is that this adjusted service certificate should be included in the decedent's estate for estate tax purposes.

Order fixing tax may be settled by consent or upon five days' notice.