GRETCHEN K. WOOD, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; SOL L. DESCARTES, TREASURER OF PUERTO RICO, Intervener.

No. 233. Argued April 12, 1950.—Decided April 20, 1950.

*Brown, Newsom & Córdova* for petitioner. *Vicente Géigel Polanco, Attorney General (Carlos Santana Becerra, Assistant Attorney General* on the brief) and *J. B. Fernández Madillo, Assistant Attorney General,* for intervener, respondent in the main action.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The only question to be determined in this proceeding is whether the proceeds of two life insurance policies left by Lewis Robert Wood in favor of *"The Estate of Lewis Robert Wood"* and payable at his death to his widow Gretchen K. Wood, petitioner herein, who appeared to be his sole testamentary heir, are subject to the payment of an inheritance tax pursuant to the provisions of § 4(*a*)(3) of Act No. 303 of April 12, 1946 (Sess. Laws, pp. 782, 786).

On December 30, 1947, Gretchen K. Wood received from the Treasurer of Puerto Rico an inheritance tax assessment notice under the said Act No. 303 for the sum of $7,389.21, in connection with the property left at the death of her husband Lewis Robert Wood. She paid the tax with the exception of $1,209.23, which represented the assessment made by the Treasurer on the proceeds of two insurance policies issued by the United States of America pursuant to the World War Veteran's Act of 1924 [1] for $5,000 each, payable to *"The Estate of Lewis Robert Wood"* and, feeling aggrieved by the determination of the Treasurer, she resorted to the Tax Court. After setting up the aforesaid facts she alleged, among other things, that the decedent Lewis Robert Wood was married to her and that they did not have children; that he left a will in which she was designated his sole and universal heir and that there were no forced heirs whatsoever. After the proper hearing, the Tax Court rendered judgment dismissing the complaint. At the instance of the claimant therein, we issued the writ of certiorari authorized by § 6 of Act No. 328 of May 13, 1949 (Sess. Laws, pp. 996, 1004.)

Two grounds are set up by the petitioner in support of her appeal. The first, to the effect that the proceeds of life insurance policies are exempt from the insular inheritance tax pursuant to the provisions of § 454(*a*) of the World War Veteran's Act of 1924, has been abandoned by her. See *U. S.*

[1] 38 U.S.C.A., p. 274.

*Trust Co.* v. *Helvering*, 307 U. S. 57. The other one is that the proceeds of said policies are exempt from the payment of the inheritance tax pursuant to the provisions of § 4(*a*) (3) of Act No. 303, *supra*. This Section provides:

"There shall be exempt from taxation under this Act, and excluded from the total of taxable gifts, . . . (3) the first ten thousand (10,000) dollars of the total amount of ordinary life or endowment insurance on the life of the insured, whatever the number of beneficiaries, provided they are the surviving spouse and/or relatives in the first or second degree of consanguinity or affinity."

We have already stated that in the two life insurance policies the petitioner herein as surviving spouse did not specifically appear as beneficiary; that said policies were issued in favor of *"The Estate of Lewis Robert Wood";* and that it was only by virtue of the will of her deceased spouse that she received the proceeds thereof.

It is a rule in matters of taxation that as exemptions are a legislative grace they should be restrictively construed against the person alleging a right thereto. *Teachers' Ass.* v. *Sancho Bonet*, 54 P.R.R. 537, 540; *Buscaglia, Treas.* v. *Tax Court*, 68 P.R.R. 34. It is also a rule of law that when the construction of special statutes—such as the Income Tax Act [2]—is involved, resort should be had in the first instance to such special statutes and if deficiencies are found therein, the Civil Code and other statutes in *pari materia* should be resorted to. Sections 12 and 18 of the Civil Code, 1930 ed. Act No. 303, *supra*, does not tell us what shall be understood by beneficiaries. Nor do the Civil Code, the Insurance Act of Puerto Rico,[3] or any other statute in force in the Island. However, the meaning of that word in matters of insurance is so well-known that it is unnecessary to define it.[4] Be that

---

[2] No. 74 of August 6, 1925 (p. 400).

[3] No. 66 of July 16, 1921 (p. 522).

[4] See, however, Words and Phrases, Vol. 5, permanent edition, p. 326; Bouvier's Law Dictionary, Vol. 1, Third Edition, p. 337, and *Enciclopedia Jurídica Española de Seix*, vol. 4, p. 462.

as it may, it cannot be stated that a testamentary heir is a beneficiary when part of the estate inherited consists of life insurance policies.

 The petitioner Gretchen K. Wood, as we have already stated, was not the beneficiary in the above policies. She received the proceeds thereof because said policies provided that they were payable to *"The Estate of Lewis Robert Wood"* and because the latter had executed a will in which he had designated her his sole and universal heir. At the death of her husband the proceeds of the policies became part of his estate and said proceeds passed to her not as a beneficiary thereof but as his sole testamentary heir. Since she was not a beneficiary but merely an heir, she is not entitled to enjoy the exemption prescribed by § 4(a)(3) of Act No. 303.

In *In re Roth's Estate*, 244 N.Y.S. 741 (1930), the Supreme Court of the State of New York had before it a case which is very similar to the present one. In said case the appeal was predicated on the improper assessment of a tax against Viola Roth on the sum of $100,000, the proceeds of four policies of insurance on the life of the decedent. The policies were payable to *"The Estate of Decedent"*.[5] The Court expressed itself thus:

"It is evident that the proceeds of the insurance policies passed as a part of the decedent's estate and Viola Roth received the $100,000 by the provisions of the will and not as a beneficiary named in the policies."

See *In re Haedrich's Estate*, 134 Misc. Rep. 741, 236 N.Y.S. 395 (1929), and *In re Voorhees' Estate*, 193 N.Y.S. 168 (1922), and also 28 Am. Jur. 48, § 69.

Since the petitioner in this proceeding did not receive the proceeds of the life insurance policies as beneficiary thereof,

---

[5] Section 600 of the Civil Code, 1930 ed., provides:

"Succession also means the properties, rights and charges which a person leaves after his death, whether the property exceeds the charges or the charges exceed the property, or whether the said person leaves only charges and no property."

but as a testamentary heir, the respondent court acted correctly in dismissing the complaint and its decision will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.

Mr. Justice Snyder dissented.