Mr. Melvin Goldberg Director, Inheritance and Gift Tax Division Department of Revenue 1375 Sherman Street Denver, Colorado 80261
Dear Mr. Goldberg:
This opinion is issued in response to your inquiry as to whether the reduced valuation for "agricultural lands" for inheritance tax purposes is applicable to stock in a closely-corporation held by a Colorado decedent when the corporation holds title to ranch land in New Mexico.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the following question:
Whether C.R.S. 1973, 39-23-142(5), as amended in 1977, providing a special reduced tax value for "agricultural lands," is applicable when the decedent does not have title to such lands but merely owns stock in a corporation which holds title to ranch land in New Mexico?
 My conclusion is "no." It is my opinion that the statute as it read in 1977, the applicable time frame, permitted the reduced valuation only for real property, and not for ownership of personal property, in this case decedent's stock. An exemption in the form of a reduction from fair market value must be strictly construed for inheritance tax purposes, and to permit such a reduction in the instant factual situation would be inconsistent with C.R.S. 1973, 39-23-142(5) and (6). Had the general assembly desired to allow intangible personal property the same reduced valuation for "agricultural lands," it would have done so. In fact, the 1979 legislature specifically granted such valuation for a decedent's interest in a corporation when said corporation holds agricultural lands in Colorado and when its stock is not listed. Therefore, even under the 1979 amendment to C.R.S. 1973, 39-23-142(5), the decedent's estate in the fact situation you posit would not be entitled to the reduced valuation as the decedent's estate includes stock in a non-listed corporation owning agricultural land outside of Colorado.
ANALYSIS
Inheritance tax is imposed upon all property transferred by a Colorado decedent under the provisions of C.R.S. 1973, 39-23-104(1)(a), as amended in 1975:
 (a) When the transfer is from a domiciliary of this state: Real property situated in this state; tangible personal property, except such as has an actual situs without this state; all intangible personal property, wherever the notes, bonds, stock certificates, or other evidence, if any, thereof, may be physically located or the banks or other debtors may be located or domiciled; except that real property in a personal trust shall not be taxed if such real property has an actual situs without this state.
The tax itself is assessed under C.R.S. 1973, 39-23-142(1), as amended, and would normally be based upon the fair market value of the decedent's assets as of the date of death.
The statute at issue, C.R.S. 1973, 39-23-142(5) as amended in 1977 provides:
 Assessment of the tax — payment. (5) In determining the fair market value of property as provided in subsection (1) of this section in the case of agricultural lands, exclusive of building improvements thereon, such market value shall be determined by consideration of the earnings or production capacity of such lands during a reasonable period of time, capitalized at a rate of eleven and one-half percent.
(Emphasis added.)
Section (6)(a) thereof further provides that certain conditions must be met for land to be classified as "agricultural land" under subsection (6)(a)(I). That section clearly presupposes that an interest in agricultural lands is an interest in real property by the use of the term "parcel of land." "Intangible personal property" is defined by Department of Revenue reg. 23-104.1 to include "stocks." Therefore, had the decedent held direct title to the real property located in New Mexico, rather than an intangible interest in the form of stock in a corporation which held the title, such direct ownership would not have been subject to Colorado inheritance tax. However, since the sole nexus for the imposition of Colorado inheritance tax is the decedent's ownership of corporate stock, such intangible personal property cannot be considered as "agricultural land" and is not eligible for the exemption granted to such real property.
The 1979 amendment to C.R.S. 1973, 39-23-142(5) (ch. 380, 1979 Session Laws) specifically permits a decedent's interest in a corporation holding title to "agricultural lands" to be valued at the reduced rate for agricultural land, so long as (1) the land is located in Colorado, and (2) the stock is not listed.
Even under the 1979 amendment, the question you raised would be answered in the negative. Under these facts, although the decedent's stock was in a closely-held, non-listed corporation, the land in question was not located in Colorado. Therefore, the stock would not be eligible for the exemption.
Moreover, in analyzing the 1977 language in light of the 1979 amendment, the intention of the legislature becomes clearer. The 1979 amendment should be perceived as a broadening of the class of property entitled to the reduced valuation. Such amendments are generally held to be "broadening" rather than "clarifying," as noted in People v. City and County of Denver,84 Colo. 576, 272 P. 575 (1928). And this result follows from a comparison of the 1977 and the 1979 language.
The special valuation of agricultural lands for inheritance tax results in a reduction of the tax which would otherwise be due. This reduction in tax is caused by exempting from tax a large portion of the normal statutory 100% fair market value of the asset by a formulary approach designed to effectuate such purpose. C.R.S. 1973, 39-23-142(1).
In interpreting statutes granting such exemptions, it is the general rule in Colorado that exemptions are to be narrowly construed against the taxpayer. "Taxation is the rule and exemption therefrom the exception." Security Life andAccident Co. v. Heckers, 177 Colo. 455, 495 P.2d 225 (1972). The burden is upon a taxpayer who claims an exemption from taxation to clearly establish the right to such exemption.Security Life, supra. Tax exemptions are not granted by implication, United States Trust Company v.Helvering, 307 U.S. 57 (1938); Oklahoma Tax Commissionv. United States, 319 U.S. 598 (1943). An exemption will not be inferred from doubtful statutory language. Estate ofSimpson, 43 Cal.2d 594, 597, 275 P.2d 467 (1954).
The statute in question is not ambiguous. The taxpayer has the burden of establishing the right to the exemption or reduction being claimed. Under the facts you put forth, that burden cannot be sustained, as the estate is not entitled to the reduced valuation.
SUMMARY
Under the 1977 statute, the term "agricultural lands" does not include stock ownership in a corporation holding title to agricultural lands. A Colorado decedent owning stock in a corporation which owns agricultural lands as an underlying asset of the corporation, is not entitled to the special valuation provided by the 1977 statute. Since the statute provides an exemption of a portion of the fair market value of agricultural lands from taxation, it must be construed narrowly and against the taxpayer.
Moreover, in the context of the specific fact situation you posed, the decedent's estate would not be entitled to the reduced valuation for "agricultural land" under either the 1977 or 1979 amendments to C.R.S. 39-23-142.
Very truly yours
 J.D. MacFARLANE Attorney General
TAXATION AND REVENUE
C.R.S. 1973, 39-23-142(5) (amended 1977)
REVENUE, DEPT. OF Inheritance Tax
Agricultural lands held in corporate name located in New Mexico not entitled to special valuation under C.R.S. 1973, 39-23-142(5).