WILLIAM P. BOULDEN, JR. AND HATTIE G. BOULDEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boulden v. Commissioner
Docket No. 13243-94
United States Tax Court
T.C. Memo 1995-347; 1995 Tax Ct. Memo LEXIS 350; 70 T.C.M. (CCH) 216; T.C.M. (RIA) 95347; July 31, 1995, Filed *350 Decision will be entered for respondent. William P. Boulden, Jr., and Hattie G. Boulden, pro se. For respondent: Terri L. Harris. DAWSON, POWELL
DAWSON; POWELL
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Carleton D. Powell pursuant to the provisions of section 7443(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge that is set forth below. [2]
*351 OPINION OF THE SPECIAL TRIAL JUDGE POWELL, Special Trial Judge: Respondent determined a deficiency in petitioners' 1991 Federal income tax in the amount of $ 9,272 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $ 1,854. Petitioners resided in Manassas, Virginia, when they filed the petition. The issues are (1) whether a distribution petitioner Hattie G. Boulden (Mrs. Boulden) received from an individual retirement account (IRA) is includable in gross income, (2) whether the distribution is subject to the 10 percent additional tax on early withdrawals from IRA's imposed by section 72(t), (3) whether this Court may relieve petitioners of the obligation to pay taxes, penalties, or interest imposed by the statute, and (4) whether petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) for a substantial understatement of tax. Prior to 1988 petitioner William P. Boulden (Mr. Boulden) was gainfully employed. During 1988 he became disabled and applied for disability benefit payments from the Department of Health and Human Services (HHS). See 42 U.S.C. sec. 423 (Supp. 1995). Initially HHS took *352 the position that Mr. Boulden was not entitled to any disability payments. In 1994, an administrative law judge determined that Mr. Boulden was entitled to receive disability benefits. During 1991, Mrs. Boulden withdrew amounts totaling $ 32,621.99 from a qualified retirement plan (within the meaning of section 4974(c)) in order to meet household and other expenses. Petitioners did not report the distribution on their 1991 Federal income tax return. Respondent determined that $ 29,567 [3] of the distribution was includable in gross income and subject to the 10 percent additional tax on early withdrawals from an IRA imposed by section 72(t). Respondent also determined that petitioners were subject to an accuracy-related penalty under section 6662(a) for a substantial understatement of tax. With exceptions not relevant here, amounts paid from a retirement account are includable in the recipient's gross income as *353 an annuity payment. Sec. 408(d)(1); sec. 72(a). Further, section 72(t)(1) imposes a 10-percent additional tax on early distributions from qualified retirement plans. Section 72(t)(1) provides: (1) Imposition of additional tax. -- If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.
The legislative history indicates that section 72(t) was created to recoup the tax benefits that have been provided by the deferral of income taxes and to deter the diversion of tax-favored retirement savings to nonretirement uses. H. Rept. 99-426 (1985), 1986-3 C.B. (Vol. 2) 1, 728-279; S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 1, 612-613. Section 72(t)(2)(A) lists the types of distributions to which the additional tax does not apply. Petitioners concede that the distribution does not meet the requirements of any of the enumerated exceptions. They nonetheless contest the inclusion in *354 gross income of the amounts withdrawn and the addition to tax under section 72(t) and the accuracy-related penalty under section 6662(a). It is a well-established principle that "exemptions from taxation are not to be implied; they must be unambiguously proved." United States v. Wells Fargo Bank, 485 U.S. 351, 354 (1988); see United States Trust Co. v. Helvering, 307 U.S. 57, 60 (1939). The Court of Appeals for the Fourth Circuit has recently affirmed this Court on the principle that "'The income taxed is described in sweeping terms and should be broadly construed in accordance with an obvious purpose to tax income comprehensively. The exemptions, on the other hand, are specifically stated and should be construed with restraint in the light of the same policy.'" Commissioner v. Miller, 914 F.2d 586, 590 (4th Cir. 1990) (quoting Commissioner v. Jacobson, 336 U.S. 28, 49 (1949)), revg. on other grounds 93 T.C. 330 (1989). Exemptions from tax "must rest upon language in regard to which there can be no doubt as to its meaning, and * * *355 * must be granted in terms too plain to be mistaken". Bank of Commerce v. Tennessee, 163 U.S. 416, 423 (1896). Petitioners have the burden of proving their entitlement to the exemption. Matthews v. Commissioner, 92 T.C. 351, 361-362 (1989), affd. 907 F.2d 1173 (D.C. Cir. 1990). Petitioners have not produced any evidence supporting their contention that the amounts they received are not subject to sections 408(d)(1) and 72(t)(1); therefore, we sustain respondent's determinations. Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of any underpayment attributable to a "substantial understatement of income tax." Sec. 6662(b)(2). An understatement of tax is substantial if it exceeds the greater of (1) 10 percent of the tax required to be shown on the return for the taxable year or (2) $ 5,000. Sec. 6662(d)(1)(A). Petitioners reported a tax liability of $ 2,824 for the taxable year 1991, and the amount of income tax required to be shown on the return is $ 12,096. The $ 9,272 understatement is substantial. The understatement is reduced if the taxpayer had substantial authority *356 for such tax treatment or if the relevant facts affecting the item's tax treatment were adequately disclosed on the return or on a statement attached to the return. Sec. 6662(d)(2)(B); cf. Schirmer v. Commissioner, 89 T.C. 277 (1987). Section 1.6662-4(d)(2), Income Tax Regs., defines the substantial authority standard as an objective standard less stringent than the "more likely than not" standard (the standard that is met when there is a greater than 50-percent likelihood of the position being upheld), but more stringent than the reasonable basis standard (the standard which, if satisfied, generally will prevent imposition of the penalty under section 6662(b)(1) for negligence). A return position that is arguable, but fairly unlikely to prevail in court, satisfies the reasonable basis standard, but not the substantial authority standard. * * *
Petitioners did not rely on any authority for excluding the distribution from gross income or from the additional tax, and they did not disclose the distribution on their 1991 Federal income tax return. We sustain respondent's determination as to the imposition of the accuracy-related penalty under *357 section 6662(a). Petitioners argue that it is unjust to hold them liable for the taxes, penalties, and interest because, if HHS had not initially denied the disability benefits, they would not have had to withdraw the funds from the retirement account. Although we sympathize with the difficulties experienced by petitioners, the statute is clear, and our authority is limited. As we stated in Metzger Trust v. Commissioner, 76 T.C. 42, 59-60 (1981), affd. 693 F.2d 459 (5th Cir. 1982): Courts do not have the power to repeal or amend the enactments of the legislature even though they may disagree with the result; rather, it is their function to give the natural and plain meaning to the statutes as passed by Congress. * * * It is not the function of a Court to rewrite or amend a statute in the guise of construing it. It is the Court's duty to construe and apply the statute as it is written; and if this results in inequity to certain taxpayers, the fault lies in the statute itself and is beyond the power of the Court to correct. * * * Our judicial function is limited to applying statutes on the basis of what Congress has written, *358 not what Congress might have written. [Citations omitted.]
We do not possess the equitable jurisdiction petitioners ask us to exercise. See Commissioner v. McCoy, 484 U.S. 3 (1987). Further, we do not have jurisdiction to consider the interest issue raised by petitioners. LTV Corp. v. Commissioner, 64 T.C. 589, 597 (1975). Based on the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This case was originally designated as a small tax case to be conducted under sec. 7463. It appeared, however, that the amount in dispute was more than $ 10,000, and respondent filed a motion to remove the small tax case designation from the case. The matter was heard, petitioners concurred with respondent's motion, and the small tax case designation was removed from the case. This case was then assigned to Special Trial Judge Carleton D. Powell↩ for trial.
3. Respondent determined that $ 3,054.03 of the distribution reflected contributions made by Mrs. Boulden.↩