ANNA BROCK, EXECUTRIX, ESTATE OF HENRY BROCK, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29827. Promulgated July 17, 1929.

*Harry Friedman, Esq.*, for the petitioner.
*G. S. Herr, Esq.*, for the respondent.

OPINION.

LANSDON: The petitioner contends that under the laws of Nebraska the widow has a vested interest in the real estate of her husband; that such property does not come to her by inheritance or as a distributive share of his estate; and that section 302 of the Revenue Act of 1924, in so far as it includes such an interest in computing the gross estate of the decedent, constitutes a direct tax in violation of section 9, Article I, of the Constitution and in violation of the due process clause of the Fifth Amendment.

The identical question thus presented was considered and disposed of by the Circuit Court of Appeals, Eighth Circuit, in *Allen* v. *Henggeler*, 32 Fed. (2d) 69, where the court held, in reversing the decision of the District Court, that the interest of the wife, under the laws of Nebraska, in ,her husband's real estate does not become complete until his death; that the husband has a substantial interest in his wife's share, which ceases only at his death; and that such share should be included in computing the husband's gross estate for estate-tax purposes. Upon the authority of the decision in *Allen* v. *Henggeler, supra,* which is controlling in this proceeding, we approve the respondent's determination. Cf. *Nyberg, Adm.* v. *United States,* 66 Ct. Cls. 153, certiorari denied, 49 Sup. Ct. 82; 278 U. S. 646.

The petitioner contends, secondly, that the estate is entitled to credit on account of inheritance taxes paid to the State of Nebraska.

Section 301(b) of the Revenue Act of 1924 provides:

The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or

territory or the District of Columbia, in respect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 25 per centum of the tax imposed by this section.

No evidence was introduced by the petitioner in support of her contention, and from the record we are unable to determine that the taxes paid were "in respect of any property included in the gross estate." The credit claimed must, therefore, be disallowed.

*Decision will be entered for the respondent.*