EDWARD C. MOORE, JR., AND CENTRAL UNION TRUST CO. OF NEW YORK, EXECUTORS, ESTATE OF EDWARD MOORE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40790.   Promulgated November 11, 1930.

*John W. Drye, Jr., Esq.*, and *Lester L. Colbert, Esq.*, for the petitioners.

*L. S. Pendleton, Esq.*, for the respondent.

OPINION.

STERNHAGEN: 1. There is evidence to support the conclusion that the transfers of securities made by decedent to his son were not made in contemplation of death and there is also evidence against such conclusion. Since each case involving this question must be decided by weighing the evidence in the record, it would serve no useful purpose to narrate or discuss it at length. Bearing in mind at all stages of our consideration that the burden is upon the petitioner to prove facts sufficient to overcome the statutory presumption and the Commissioner's determination, *Wickwire* v. *Reinicke*, 275 U. S. 101, we think the preponderance of the evidence supports the petitioner and have therefore found as a fact that the transfers were not made in contemplation of death. The value of the securities and accrued interest should be excluded from the gross estate.

2. The respondent disallowed any deduction in respect of the Shewan judgment because "this case is still in litigation." It has now reached a final judgment and the petitioners' share of the liability is $19,465.07. It is a definitely ascertained claim against the estate and a proper deduction.

3. The only evidence to establish that the legatees St. Stephens Church and St. Stephens School are within the statutory description of corporations "organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes * * * no part of the net earnings of which inures to the benefit of any private stockholder or individual," consists of the names, the fact that they are incorporated, and their designation as a Catholic church and school. This is not enough. *Adam Ortseifen*, 14 B. T. A. 1403;

*Brennan* v. *Cabanne M. E. Church*, 192 S. W. 982; *Frohlinger* v. *Richardson*, 218 Pac. 497. While the Commissioner disallowed this claimed deduction for want of proof of payment, the Board must have evidence sufficient to establish deductibility under the statute. *Altschul Tobacco Co.* v. *Commissioner*, 42 Fed. (2d) 609, affirming 16 B. T. A. 1202. The disallowance of the deduction is sustained.

4. The petitioners claim a credit (no doubt under section 301(b)) of $1,431.60 for New York State inheritance tax. The evidence is clear that $451.60 has been actually paid, as the statute requires. The $980 has only been deposited, and there is nothing to indicate what part if any might fairly be regarded as actually paid. The deposit is apparently treated in New York not as payment of the tax but as " merely security for the subsequent payment of the tax." *In re Hecht's Estate*, 216 N. Y. S. 321. Nor is there any evidence to show whether any of the amount actually paid or deposited is " in respect of any property included in the gross estate." Only if it was, is the credit provided, *Edgar M. Morsman, Jr.*, 13 B. T. A. 415; 14 B. T. A. 108; *Anna Brock*, 16 B. T. A. 1358, and in the absence of such evidence the credit must be denied. This is manifestly an unsatisfactory disposition of an issue so easily determinable on its merits. But the statute is clear, the burden of proof plainly allotted to petitioners, and it is not for us to depart from them by assuming facts which petitioners should and could so easily have proven.

*Judgment will be entered under Rule 50.*