The **SECOND NATIONAL BANK OF NEW HAVEN**, Executor of the Will of Frederick F. Brewster, late of Hamden, Deceased, Plaintiff-Appellee,

v.

**UNITED STATES** of America, Defendant-Appellant.

No. 229, Docket 33779.

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1969.

Decided Feb. 25, 1970.

---

2. Appellants' brief, p. 21.

Stanley L. Ruby, Atty., Dept. of Justice, Washington, D. C. (Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Loring W. Post, Attys., Dept. of Justice, Stewart H. Jones, U. S. Atty., Dist. of Conn.), for appellant.

Curtiss K. Thompson, New Haven, Conn. (John H. Weir, New Haven, Conn., of counsel), for appellee.

Robert J. Hale, First Asst. Tax Comr. of Conn., Robert K. Killian, Atty. Gen. of Conn., Ralph G. Murphy, Asst. Atty. Gen. of Conn., Hartford, Conn., as *amicus curiae*.

Before MOORE and KAUFMAN, Circuit Judges, and RYAN, District Judge.*

RYAN, District Judge:

■ This appeal presents a narrow issue requiring the interpretation of Section 2011(a) of the 1954 Internal Revenue Code, to determine the proper credit for State death taxes against the federal estate tax.[1] The question posed is: do the words "gross estate" in the statute mean gross estate for federal estate tax purposes, or do they mean gross estate used by a State in arriving at its inheritance or succession tax. Put another way, we are asked whether an estate may credit against federal estate taxes, death taxes paid to a State on property included in the State return but excluded from the federal estate tax return.

The District Court ruled that a credit was allowable for State taxes paid even though the property was not included in the federal return (297 F.Supp. 1080). We disagree, and therefore reverse.

The facts are not in dispute. Connecticut included in the gross estate of the decedent certain assets, valued at $931,031.70, of a trust established by decedent for the benefit of his son. This asset was not taxed in the federal estate because the remote reversionary interest of decedent was less than 5%.[2] The portion of the Connecticut succession tax attributable to the trust amounted to $69,422.88. The Internal Revenue Service denied the maximum credit for State taxes claimed by asserting that the maximum credit should be reduced by the sum of $69,422.88 paid to Connecticut in respect of the trust not taxed on the federal return.

There is virtually no authority to guide us. No case directly in point has been cited, nor is the legislative history of the statute particularly revealing. However, considering such background as is available, together with our interpretation of the applicable provisions of the Internal Revenue Code, we are convinced that Congress could not have envisioned a credit for State taxes on property not included in the federal return.

---

\* Of the Southern District of New York, sitting by designation.

1. The statute involved reads as follows:
"Sec. 2011. Credit for State Death Taxes.
(a) In General.—The tax imposed by section 2001 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State or Territory or the District of Columbia, in respect of any property included in the gross estate (not including any such taxes paid with respect to the estate of a person other than the decedent)." 26 U.S.C. § 2011.

2. *Cf.* Section 2037(a) I.R.C.; Section 2033 I.R.C.

The predecessor to the present Section 2011 was originally enacted in 1924 to prevent the various States from engaging in tax slashing competition seeking the residence, and hence the estates, of the wealthy.[3] This was to be accomplished by the means of a tax credit against the federal estate tax to avoid double taxation of estate assets.[4] This intention was manifest in the Congressional reports:

"The several States, by the use of this provision, will be enabled to make use of the inheritance tax without additional cost to its citizens." [5]

When, as here, there is no federal tax on the property, and only one State tax is imposed, there can hardly be any reason for the tax credit, which was designed to avoid the burden of double taxation.

■ The rationale of the federal estate tax is a levy not on the property of which an estate is composed, but an excise imposed on the transfer of or shifting relationships to property at death. United States Trust Co. of New York v. Helvering, 307 U.S. 57, 59 S.Ct. 692, 83 L.Ed. 1104; § 2001 I.R.C. We do not believe that, within that theory, Congress could have intended to give a credit for property not transferred at death within the purview of the federal estate tax law.[6]

■ To buttress its position, the Government cites an unbroken series of Treasury Regulations which consistently refer to the words "gross estate" in the context of "gross estate for federal estate tax purposes." [7] From these, it appears that the Treasury Regulations have limited the credit for State taxes to property included in the gross estate of the decedent for federal estate tax purposes. While not binding upon us, these consistent regulations of more than forty years would appear, in the absence of any contrary indication, to have received Congressional approval in the light of the indicated purpose of the State tax credit. Helvering v. Winmill, 305 U.S. 79, 59 S.Ct. 45, 83 L.Ed. 52.

On balance, considering the original design of the credit for State death taxes, the mischief which it was designed to prevent, and the underlying purpose in avoiding double taxation on a decedent's estate, we conclude that the credit was never intended to apply to property not subject to tax as part of the federal gross estate.

Reversed.

MOORE, Circuit Judge (dissenting):

This case involves an important question in the field of federal-state relationships and in the treatment of inheritance taxes as levied by each political entity. Since, as the majority say, "There is virtually no authority to guide us," the best approach would seem to be to attempt to decipher the purpose of the law.

The section (Sec. 2011) is clear enough. It deals with a "CREDIT FOR STATE DEATH TAXES," and provides that the federal tax shall be credited "with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any State, * * * in respect of any property included in the gross estate

---

3. 67 Cong.Rec. 3684 (1926).

4. 67 Cong.Rec. 695 (1925).

5. H.Rep.No.1, 69th Cong., 1st Sess. p. 14 (1939-1 Cum.Bull. (part 2) 315, 325).

6. The decided cases, few as they may be, are in line with the Government's position. In Morsman v. Commissioner of Internal Revenue, 14 B.T.A. 108, rev'd 44 F.2d 902 (8th Cir., 1930), rev'd Morsman v. Burnet, 283 U.S. 783, 51 S.Ct. 343, 75 L.Ed. 1412 (1931) and Board order reinstated, 50 F.2d 1074, a claim of credit for State taxes was disallowed because the property "did not constitute part of the gross estate for federal estate tax purposes." This case, which the Court below declined to follow, was followed in Brock v. C. I. R., 16 B.T.A. 1358 (1929) and Moore v. C. I. R., 21 B.T.A. 279 (1931). We find no case to the contrary.

7. Cf. Treas.Reg. 68 (1924 ed.) Art. 9(a); Treas.Reg. 70 (1929 ed.) Art. 9(a); Treas.Reg. 80 (1934 ed.) Art. 9(b); Treas.Reg. 80 (1937 ed.) Art. 9(b); Treas.Reg. 105 (1939 Code) Sec. 81.9; Treas.Reg. (1954 Code) Sec. 20.2011-1 (a).

 

* * *." There is no factual dispute that the estate "actually paid" to Connecticut a tax of $69,422.88 on a trust, which was part of the estate. The same trust, however, because of a different federal approach (remote reversionary interest of decedent less than 5%) was not subjected to a federal tax. For this reason, the statutory credit has been disallowed by the Internal Revenue Service on the theory that since no federal tax has been assessed against the trust the state tax thereon cannot be credited against the federal tax.

The Tax Commissioner of Connecticut filed a brief as *amicus curiae* because as he asserts "Connecticut is vitally interested in the outcome of this litigation insofar as it pertains to the correct interpretation of section 2011(a) because there is involved not only a potential loss of a substantial sum of money but a serious question of constitutionality and Federal and State relations."

As related to the tax in question here, it appears that Connecticut has a theory of taxation of joint survivorship which is different from federal theory. This raises the fundamental question as to whether in order to obtain a credit for state taxes it is essential that each of the properties which give rise to the state tax also are taxable by the federal government.

There is nothing in section 2011(a) which either expressly or inferentially makes it a condition of the state tax credit that the same property be taxed by the federal authorities. Here the decedent's reversionary interest in the trust was definitely a part of his gross estate. The fact that a difference in taxing rates or legal principles exists between state and federal governments in connection with specific properties comprising the estate should not affect the allowance of the credit. Nothing in the statute requires that each item be compared with respect to state and federal taxing policies and the credit allowed only if there is a corresponding tax.

To me the issue is syllogistically clear. The statute says that a federal credit shall be given for state taxes paid with respect to property included in the gross estate. The property was in the gross estate (even though for federal reasons not taxed). The state tax was actually paid. Ergo, the statutory credit should be allowed. Regulations to the contrary do not overcome statutes. There well may be "virtually no authority to guide us." Therefore, I would be guided by the belief that when the Congress wished to give a credit for state taxes paid, it meant what it said.

I would affirm the judgment.